JAMES R. GIDDENS, (for the use of TOLIVER JONES, EDWARD GIDDENS et al.,) plaintiff in error, vs. JAMES Z. DISMUKES et al., administrators, &c., defendants in error.

The failure to deliver property on the day of sale, and within the hours of sale, is a forfeiture of the forthcoming bond; and notwithstanding, the property is subsequently taken into custody by the Sheriff, it is not necessarily a discharge of the bond; but damages may be recovered for any expense which has been incurred by reason of said failure, as well as the depreciation in the price or value of the property, between the first and second day of sale.

Debt on bond. Tried before Judge WORRILL, in Talbot Superior Court, September Term, 1858.

On the 24th day of May, 1844, James K. Giddens, then Sheriff of the county of Talbot, having in his hands three *fi. fas.* against Charles Evans and Henry D. Evans, executors of John Evans, deceased, levied them on a negro man named George. The plaintiffs in *fi. fa.* were Ezekiel B. Smith, Levi Turner, and Stallings and Persons. The defendants in *fi. fa.* gave to Giddens, as Sheriff, their forthcoming bond, with Benjamin T. Emanuel as surety, in the sum of twelve hundred dollars, conditioned to be void on the delivery, by the said defendants, of the boy George, to the said Sheriff, within the legal hours of sale, on the first Tuesday in July, 1844. This suit was brought on the aforesaid forthcoming bond, by James K. Giddens, for the use of Edward Giddens and Toliver Jones, the securities of said Sheriff Giddens, on his official bond, of Jacob Parr as assignee of Levi Turner, and of said Stallings and Persons. The declaration was filed in office 10th August, 1853. Pending the suit Charles Evans died, and Michael Woodruff, his administrator, was made a party in his stead. Benjamin T. Emanuel also died, and James Z. Dismukes and W. D. Emanuel, his administrators, were made parties in his stead.

Plaintiff opened his case to the jury, and read in evidence the answer of James K. Giddens to interrogatories, taken by commission, who testified that the negro, George was not delivered in satisfaction of said forthcoming bond, and that the *fi. fas.* against the Evanses were never paid—and that he had been released from all liability by Edward Giddens and Toliver Jones, and by Jacob Parr. Plaintiff also introduced in evidence said forthcoming bond; he then introduced the three *fi. fas.* already mentioned, then the record of a judgment, on a suit on the Sheriff's bond in Talbot Superior Court, for the default of said Sheriff in not

selling the boy George under the levy of Ezekiel B. Smith's *fi. fa..* This suit was at the instance of the Governor of Georgia, for the use of said Smith, against Edward Giddens and Toliver Jones, his sureties on his official bond, and on which judgment was recovered in favor of Smith, at the September Term, 1851, of Talbot Superior Court, for the sum of two hundred and seventy-four dollars besides costs. The payment of this judgment was also proved.

Defendants then read in evidence the interrogatories and answers of *Richard Dozier* and *Thomas Clayborn*, who testified that they were in Talbotton on the day of said Sheriff's sale (first Tuesday in July, 1844;) that they saw Henry D. Evans there, and saw the negro George there during the hours of sale; that the negro was near the court-house where the Sheriff was selling property; and Dozier testified, that the negro was, at one time during the day, moving trunks, which he supposed had been levied on by the Sheriff, from one part of the court-house to another part of it. Both witnesses testified, that Henry D. Evans and the negro George disappeared about one week after the day of sale.

*George McDowell* testified, that he saw the negro George on said sale day, near the steps of the court-house, where the Sheriff was selling some clothing and trunks Did not see any delivery of the negro by Evans to the Sheriff.

Defendant then offered in evidence the following letters:

"*Dear Col:*—Mr. Henry Evans gave bond and security for the appearance of the negro that was levied on to be sold to-day. That bond was for his appearance to-day. The sale has been postponed, and he wishes to know if you will let him take the boy home and give bond hereafter.

[Signed]                      Yours,

SMITH.

If so please instruct Mr. Giddens."

"I wish to give Mr. Evans no unnecessary trouble. Let him have the boy, and bring the Sheriff a bond for the de-

livery of the boy by this day week. I suppose that will be satisfactory to the clients of Towns & Smith.

[Signed]          Yours,

GEO. W. TOWNS."

*Levi B. Smith* testified, that he saw the negro about sundown on the day of said sale, standing near a china tree in front of Brown's store in Talbotton; Henry Evans and Giddens, the Sheriff, were inside the store; the negro was considered in the possession of the Sheriff; Evans wanted witness to consent for him to take the negro back home; witness refused to take any responsibility in the matter, but referred them to Col. Towns, and, at their instance, wrote the letter to Col. Towns above in evidence. Attended the sale off and on during that day; consented to no postponement of the sale. Did not see the negro until after sale hours; witness urged the sale of the negro; does not know that the Sheriff postponed the sale of the negro; knows nothing going to show that the Sheriff failed to do his duty. Smith & Towns were the attorneys at law for Stallings and Persons, and for Levi Turner, in the *fi. fa.* of which Parr is assignee. From reading the note addressed to Col. Towns, witnesss is satisfied the contents thereof are true, but has no recollection of the contents independently of the note.

Here the testimony closed, and the Court having charged the jury, they found a verdict for the defendant. At the same Term of the Court, and before judgment the plaintiff moved for a new trial on the following grounds:

1st. Because the Court refused to permit the plaintiff to prove the insolvency of Giddens, the Sheriff.

2d. Because the Court erred in charging the jury, that if said Giddens, Sheriff, on the day of sale, or before that time, and if on the day of sale, whether within the hours of sale, or after sale hours had expired, agreed and consented to postpone said sale, then the liabilities of defend-

ants, upon the bond, were thereby discharged. And this is the law, notwithstanding the jury may believe, from the evidence, that the negro was not delivered to the Sheriff, within the hours of sale on said sale day.

3d. Because the Court erred in charging the jury, that the measure of damages was the amount of money paid by Giddens, Sheriff, for failure to deliver the negro at the time and place of sale; and that, therefore, unless it had been proved that the Sheriff had paid damages to said Turner, and Stallings and Persons, on their *fi. fas*, then no recovery in this action could be had on account thereof.

4th. Because, when said jury came in for further directions from said Court, said Court charged them, that if the Sheriff and defendants in *fi. fa.* did, after the expiration of sale hours on the day of sale, make an agreement to postpone said sale to a further day of sale, then such an agreement discharged the defendants from liability on said bond, notwithstanding the bond may, at the time of such agreement, have been forfeited, by a failure to deliver said negro within the hours of sale.

5th. Because the Court erred in refusing to let the witness, L. B. Smith, state the reply of the Sheriff to the witness when he, during sale hours, was urging the sale of the negro in controversy.

The Court after argument refused to grant a new trial, and plaintiff excepted, and now assigns said refusal for error.

B. HILL; A. G. PERRYMAN, for plaintiff in error.

JOHNSON & SLOAN; SMITH & POU and BETHUNE, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Upon a careful examination of the whole record, we feel constrained to award a new trial in this case. Without considering the alleged errors separately, we prefer to submit our views generally, upon the law of the case, as applied to the rights of the parties.

Assuming that the proof shows, that the negro George was not delivered on the day of sale, within the hours of sale, but that he was subsequently, and on the evening of the same day, placed in the hands of the Sheriff; and upon consultation with the attorneys of the creditors, it was agreed, that the sale should be postponed; and that by direction of Col. Towns, one of the counsel, the negro was allowed to remain in the possession of the defendants in execution, with the understanding that they should, within a week, give a new forthcoming bond, which they never did, but the negro was never sold, but run off to Texas—how stands the case?

The first bond was forfeited by the failure to deliver on the day of sale. Now, what took place afterwards was not necessarily a discharge of the bond. Expenses might have been incurred for the re-advertising, &c. The negro might have depreciated in value, so as not to have brought the amount of the *fi. fa.* on the next sale day. In that event, the surrender of the negro, and the postponement of the sale, would only go in mitigation of damages, and not in absolute discharge of the first bond.

There was error then in the holding, that the postponement, which was forced upon the parties, by reason of the first failure, would prevent any recovery upon the bond.

As to the right of the Sheriff to maintain this action, for the use of the three parties for whose benefit he sues, upon the doctrine of substitution, we think the action was well brought in behalf of Toliver Jones and Edward Giddens, the securities of the Sheriff, who were compelled to pay the execution of Ezekiel B. Smith. True, the Sheriff has paid nothing, and by reason of his insolvency—which the Court should have allowed to be shown— nothing could be collected out of him. But his securities have been forced to pay this liability for him. They are entitled, therefore, to be substituted to all the rights of their principal; and amongst the rest, that of suing on the forthcoming bond.

It is said on the argument, that the Court did not intend

to exclude them; and counsel for defendants in error, do not seriously insist that they should be excluded. All we have to say is, that the judgment of the Court applied to the whole action. And the opinion of his Honor, accompanying the bill of exceptions, shows that we do not misinterpret his judgment.

But how is it, as to the Turner and Stallings and Perkins case? Their *fi. fas* were levied on the negro George also. And to prevent circuity, instead of collecting their respective demands out of the Sheriff's securities, as did Smith, they propose to go directly upon the forthcoming bond. And it may be that, in principle, it is the same thing; and that, in equity, such a procedure would be sanctioned. But apart from the technical objection, that neither the Sheriff nor his securities, have any thing to pay on these claims, there are substantial reasons upon the face of the record, why this should not be done. To get the benefit of the testimony of James K. Giddens upon the trial of this case, he has been released by the creditors. He then has been discharged. Can his securities upon his bond be made responsible? It would seem not. And if no recovery can be had against the Sheriff or his securities, no action over can be had upon the forthcoming bond.

There is another stubborn fact disclosed upon the face of this record, which has not received that attention which its importance apparently deserves. After the negro George was again taken into custody by the Sheriff, it was agreed by one of the counsel for the creditors, or some of them, *in writing,* that he should be permitted to go into the possession of the defendants, the Evanses; and they were to bring the Sheriff another bond, for the delivery of the boy, that day week— that is, a week from the first Tuesday in July, 1844. Before that time arrived, the negro was run off to Texas, no bond was executed, and the Sheriff was unable to get hold of the property.

Lowe, ex'or, vs. Cody.

Who is to suffer for this default? Not the Sheriff; for he was expressly authorized by the attorney, to suffer the defendant to take him immediately—trusting to them to give the bond afterwards. This being so, no action can be maintained againt the Sheriff's securities, for the value of the negro or any part thereof, by Turner, or by Stallings and Persons. And in the face of this fact, we are unable to see how any judgment was obtained in favor of Smith against the Sheriff's securities. The defendants are entitled to avail themselves of this defence, against even the suit at the instance of the security upon the Smith debt. They should have pleaded it to that action.

If the testimony of Col. Levi B. Smith was admissible to prove that he urged the Sheriff to sell George on the day of sale, we are clear that the reply of the Sheriff should have been let in, in explanation of his conduct.

Judgment reversed.

BENNING J.—I dissent from the judgment in this case.