Barrett *vs.* Butler *et al.*

---

THOMAS G. BARRETT, plaintiff in error, *vs.* JAMES E. BUTLER *et al.*, defendants in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case!)

1. Upon the trial of an action upon a forthcoming bond, the evidence of the sheriff, who was in office at the time of the levy and when his testimony was offered, was inadmissible to prove the terms of an advertisement, in a public gazette, for the sale of the property seized.

2. The deposition of the proprietor of such public gazette, to which was attached a copy of the advertisement, was objectionable for the reason that no diligence to procure the newspaper itself was shown.

3. Where suit was brought on a forthcoming bond, given to replevy property levied on under a distress warrant and claimed, it was competent for the defendants, notwithstanding the withdrawal of the claim, to prove the payment of the debt prior thereto. *Aliter,* if the claim case had been tried and a judgment rendered finding the property subject. In such case the defendants would have been estopped.

Judicial sale. Advertisement. Evidence. Bonds. Claims. Estoppel. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

Reported in the decision.

R. H. CLARK, for plaintiff in error.

HILLYER & BROTHER; A. W. HAMMOND & SON, for defendants.

WARNER, Chief Justice.

This was an action instituted by the plaintiff against the defendants, on a forthcoming bond, conditioned to have certain cotton and cotton seed, which had been levied on by the sheriff and claimed, forthcoming on the day and time of sale, if the same should be found subject to the distress warrant levied thereon. On the trial of the case, the jury, under the charge of the court, found a verdict for the defendants. The case is brought here on a bill of exceptions to the rulings of the court in the progress of the trial, and to its charge to the jury.

1. The plaintiff offered in evidence the deposition of the sheriff, who was at the time of the levy, and at the time he testified, in office, to prove the terms of an advertisement for the sale of the cotton and cotton seed, as contained in a copy of the same, annexed to his answers. This evidence was ruled out by the court on the ground that it was secondary, and the plaintiff excepted. There was no error in ruling out the testimony of the sheriff in relation to this point in the case. The advertisement itself was the best evidence of its terms. The evidence of the sheriff as to the terms of the advertisement was no better than that of Harper, or of any other witness, as to the contents of the published advertisement of the sheriff's sale of the property, and both were properly ruled out by the court.

2. The plaintiff then offered in evidence the deposition of Weston, the proprietor of the Dawson Journal, to prove the advertisement of the sheriff's sale, to which was annexed a copy of said advertisement in writing, as a part of his testimony. The court ruled out the testimony so offered, and the plaintiff excepted. In *Schley vs. Lyon & Rutherford,* 6 *Geor-*

*gia Reports,* 530, this court held that in order to prove the advertisement of a sheriff's sale in one of the public gazettes of this state, as required by law, the production of the newspaper in which the advertisement was published is the best evidence; but if that cannot be done in the exercise of ordinary diligence, then a copy of the advertisement, taken from the paper of file in the publisher's office, verified by the oath of the publisher, is admissible. The evidence in the record does not show that the plaintiff exercised ordinary diligence, or any diligence whatever, to procure the newspaper in which the advertisement of the sheriff's sale was published so as to bring the case within the rule stated in *Schley vs. Lyon & Rutherford,* before cited, and for that reason the testimony of Weston was properly ruled out by the court.

3. The court charged the jury: "If the plaintiff's claim for rent was paid, although before the withdrawal of the claim case in Terrell county, plaintiff cannot recover; and if cotton enough to pay the rent was delivered to plaintiff's agent, and by him *accepted* as such, it was a payment, and it did not alter the fact of payment, if this cotton so delivered was afterwards taken away from plaintiff's agent." To which charge the plaintiff excepted.

It appears in the record that the claimant withdrew his claim once after he had interposed it, and after that withdrawal the property was, as the plaintiff contended, advertised for sale by the sheriff, and the question is, whether it was competent for the defendants, when a suit was instituted on their forthcoming bond for the non-delivery of the property on the day of sale, to prove that the plaintiff's debt had been paid prior to the withdrawal of the claim by the claimant. There can be no doubt that if the claim case had been tried, and a verdict rendered finding the property subject, and a judgment had been entered thereon, that the defendants would have been estopped from proving the payment of the plaintiff's debt anterior to that verdict and judgment finding the property subject thereto. The plaintiff's demand is founded on a distress warrant for rent, and the proceeding to collect it is a

summary one under the statute. The plaintiff insists that inasmuch as the claimant withdrew his claim, the defendants are concluded from proving the payment of the plaintiff's debt prior to the withdrawal of the claim ; that such withdrawal of the claim is equivalent to a judgment that the property levied on by the distress warrant is subject to the payment of the plaintiff's debt. We do not think so. Estoppels are not favored by the law. The plaintiff's right to have the property delivered at the time and place of sale to be sold by the sheriff in satisfaction of his debt, is founded on the idea that his debt is due and unpaid, and that he has been damaged by the non-delivery of the property, but if his debt has been paid, then he is not damaged by the non-delivery of the property, and the defendants were not estopped from proving that fact because the claim had been withdrawn as stated in the record. The securities on the bond were interested in the recovery by the plaintiff as well as the claimant, and in our judgment the defendants were not estopped from proving the payment of the plaintiff's debt prior to the withdrawal of the claim by the claimant.

In view of the evidence contained in the record, there was no error in the charge of the court to the jury.

Let the judgment of the court below be affirmed.