## LACKEY *et al. vs.* MIZE, sheriff, for use.

An execution was levied and a claim interposed by a man as agent
for his wife and children, and a forthcoming bond given.  The
property was found subject, and a breach of the bond occurred by
a failure to deliver the property on the day of sale.  Another
claim was interposed by the wife in her own right, and the usual
bonds given.  The property was found not subject.  Suit was
brought on the forthcoming bond given in the first case :

*Held,* that the record in the second case was admissible in evidence.

November 17, 1885.

Evidence.   Claims.   Forthcoming Bond.   Before B. B.
HINTON, Esq., Judge *pro hac vice.*   Sumter Superior
Court.  April Adjourned Term, 1885.

Reported in the decision.

E. G. SIMMONS, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

JACKSON, Chief Justice.

This is a suit on a forthcoming bond given by the claim-
ant, W. L. Lackey, as agent for his wife and children, for
the delivery of a mare and buggy, should the property be
found subject.  It was found subject, and the jury found
a verdict for the plaintiff, and Lackey and Toole, his surety,
excepted to the denial of a new trial.

1. Among other grounds for the new trial taken by the
plaintiffs in error is the refusal of the court to admit as
evidence before the jury, another claim to the buggy and
mare made by Mrs. Lackey in her own right, with the usual
bonds accompanying it, and a verdict and judgment of not
subject thereon.   The defendant in error is the plaintiff in
execution, the same execution in both cases.  This claim
was filed and verdict had thereon of not subject after the
property was found subject in the first claim case, and

was not received by the sheriff until the bond in the first case, sued on here now, was broken by a failure to deliver the property to the sheriff on the day of sale, and thus became forfeited (29 *Ga.*, 110; 9 *Id.*, 42), though the sheriff testified he would not have sold it. if delivered, because certain persons had guaranteed that he should not be hurt.

So that the question arises on the rejection of these claim papers, with this verdict and judgment that this identical property is not subject to this identical execution, whether, after the bond was broken and forfeited, it was admissible to show by the judgment against the same plaintiff in execution that the property belonged to this last claimant, and not to the defendant in execution.

In 54 *Ga.*, 581, in an action on a forthcoming bond, it was held that, though the property was not delivered on the day of sale, if the plaintiff's debt was paid, even before the withdrawal of the claim, by virtue of which the execution proceeded, that payment could be proved, and plaintiff could not subject the property, Chief Justice Warner, who delivered the opinion of the court, saying: "The plaintiff's right to have the property delivered at the time and place of sale, to be sold by the sheriff, in satisfaction of his debt, is founded on the idea that his debt is due and unpaid, and that he has been damaged by the non-delivery of the property, and the defendants were not estopped from proving that fact because the claim had been withdrawn as stated in the record."

The contention was that the claimant was estopped from showing it, because the claim was withdrawn, on the idea that this withdrawal was equivalent to a finding it subject, it being clear that, in the latter case, he could not prove it on the forthcoming-bond trial, because he should have done so on the claim trial. The principle decided is that the claimant can show no damage, by showing that the debt of plaintiff is paid.

It would seem that, if the property belonged to another

than the defendant in execution, the plaintiff was as little damaged.

In 17th *Ga.*, 521, it was held, in an action of debt on the sheriff's bond, that he and his sureties were liable to no greater damages than the plaintiff has sustained, to be ascertained by verdict, after a full investigation of all the facts; and in the same 17th volume of our reports, in an action on a constable's bond for not returning an attachment, Chief Justice Lumpkin said: "It is contended that the court erred in refusing to allow the defendants the privilege of showing that the property levied on was not subject to the attachment. Under the stringent rule laid down by this court in 7th *Ga.*, 445, the circuit judge was right, perhaps, in repelling this proof. But the doctrine in that case has been modified; and under our present view of the law, as announced during this term in *Taylor vs. The Governor, etc.*" (cited above), "we held that an officer, who is sued for not selling property levied on by attachment, may prove paramount title in another in his defence. Under an execution or attachment against A., it would be trespass in the officer to seize the property of B." See also 10th *Ga.*, 160; 18th *Id.*, 469; 6th *Id.*, 244.

Except the first case cited, which is not precisely like this, the proof offered there being payment, none of these cases are actions on forthcoming bonds; but they are against collecting officers on official bonds. It would seem that the law should be enforced more rigidly against these officers; and if they and their sureties can be relieved by showing payment or paramount title in another, why should not the principal and sureties, in a claim case sued on a forthcoming bond, be discharged by the same defence?

We think, therefore, that these claim papers, with the verdict and judgment thereon, should have been admitted in evidence, to show that this plaintiff was not damaged, because the property not delivered belonged, not to the defendant in execution, but to another, who had paramount

title to his, so adjudged in a case in which this plaintiff was a party and this execution was levied.

It is due to the judge *pro hac vice,* who sat in this case below, to say that this point does not appear to have been made very clearly in urging the admission of these papers, but counsel pressed more, so far as the record informs us, the point that, by receiving them, the sheriff relieved the obligees in the bond sued on, he insisting that the claim papers in question were received by the sheriff prior to the day of sale.

The charges excepted to and other complaints make no impression of error on our mind; but the judgment is reversed because the papers showing title in another by a judgment against the plaintiff in execution were rejected as evidence.

Judgment reversed.