8583.   TAYLOR *v.* GEORGIA LOAN & TRUST CO. *et al.*

1. An assignment of error on the grant of a nonsuit, viz.: "To this order, ruling, and judgment, granting a nonsuit in said cause, plaintiff then and there excepted, and now excepts and assigns the same as error, for the reason that the ruling of the court is contrary to law and contrary to the evidence, the plaintiff having fully carried the burden in said case," presents the question as to whether the evidence was sufficient to require the case to be submitted to the jury. *Randolph* v. *Brunswick &c. Railroad Co.*, 120 *Ga.* 969 (2) (48 S. E. 396); *Fargason* v. *Ford*, 119 *Ga.* 343 (46 S. E. 431). The motion to dismiss is therefore without merit.

2. The plaintiff not having failed to establish a prima facie case as laid, it was error to grant a nonsuit. Civil Code (1910), § 5492; *Ray* v. *Green*, 113 *Ga.* 920 (39 S. E. 470); *Garrett* v. *Morris*, 104 *Ga.* 88 (30 S. E. 685); *Pendleton* v. *Atlantic Lumber Co.*, 3 *Ga. App.* 714 (60 S. E. 377); *Moore* v. *Dixie Fire Insurance Co.*, 19 *Ga. App.* 800, 804 (92 S. E. 302).

DECIDED NOVEMBER 14, 1917.

Action for money had and received; from city court of Nashville—Judge Christian. February 28, 1917.

Suit was brought by Hattie Taylor. The allegations of her petition, briefly stated, were as follows: P. D. Lewis is the duly and legally qualified administrator on the estate of Thomas S. Taylor, late of Berrien county, Georgia. As such administrator he declines to prosecute this suit, and has duly assigned the claim herein sued on to petitioner, the widow of Thomas S. Taylor, deceased, and therefore a distributee of said estate, in order that she may prosecute this suit in her own name. A copy of the assignment is attached to the petition as an exhibit. The Georgia Loan & Trust Company is a corporation of the City of Macon, Bibb county, Georgia. R. A. Hendricks, doing business in the name of Hendricks, Mills & Hendricks, is a resident of Berrien county, Georgia. On the first day of September, 1909, Thomas S. Taylor executed and delivered his three promissory notes to the Georgia Loan & Trust Co., for the sum of $1000 each, payable five years after date, together with five coupons attached to each note, representing the annual interest on said indebtedness. In order to secure these notes, Thomas S. Taylor executed and delivered to the Georgia Loan & Trust Company a security deed to land described in the petition. Thomas S. Taylor departed this life during the year 1913, long before the maturity of said notes. By the terms of the deed it was provided that in the event the said Thomas S. Taylor

defaulted in the prompt payment of either one of the interest coupons or principal notes, or insurance premiums, or failed to pay the taxes promptly assessed against the property therein described, it should immediately become the right and power of the holder of said notes to declare all of said indebtedness then and there due, and to proceed to collect the same at law or to exercise the power of sale contained in said deed. Default having been made in the payment of the interest due, on the 1st day of October, 1913, the Georgia Loan & Trust Co., by its agent and attorney at law, R. A. Hendricks, then doing business in the name of Hendricks & Hendricks, of Nashville, Ga., proceeded to advertise in the Nashville Herald the lands described, offering the same for public sale before the court-house door in Berrien county, Georgia, on the first Tuesday in December, 1913; said advertisement and sale being made under and by virtue of the power of sale contained in said deed. At the time of exercising the power of sale the Georgia Loan & Trust Co. claimed that the said Thomas S. Taylor was indebted to it in the sum of $3,247, for which sum the advertisement was had and the sale made for the purpose of cancelling said indebtedness. On December 2, 1913, before the court-house door in Berrien county, the premises were offered for sale at public outcry, after being duly advertised for thirty days, under and by virtue of the power of sale in the security deed, and were knocked off to John A. Gaskins for the sum of $3,631. In pursuance of said sale, the Georgia Loan & Trust Co. caused to be executed and delivered to John A. Gaskins a deed to the premises, which was recorded on January 16, 1914, in Book 36, page 72. The total sum of $3,631 was paid by Gaskins to R. A. Hendricks for and in behalf of the Georgia Loan & Trust Co. The difference in the indebtedness due by Thomas S. Taylor to the Georgia Loan & Trust Co. and the amount that said lands sold for under the power of sale is the sum of $384, which sum the plaintiff is entitled to receive for the payment of debts and for distribution among the heirs of said estate, it being the overplus above the indebtedness of said Taylor to the Georgia Loan & Trust Co. at the time of making the sale. The plaintiff has demanded this sum of the defendants, and payment of it has been refused. There now remains in the hands of the defendants, R. A. Hendricks and the Georgia Loan & Trust Co., the sum of $384 now owing and due

18

to the estate of Thomas S. Taylor, deceased, which they fail and refuse to pay over to petitioner, she being the legal representative of the estate of Thomas S. Taylor in the collection of this particular claim. It is necessary to collect said $384 for the purpose of paying the indebtedness of the said Thomas S. Taylor and making distribution among his heirs. In the power of sale before referred to, the Georgia Loan & Trust Co. agreed, in the event of sale of said premises under said power, that the proceeds of said sale would be applied first to the payment of said debt, interest, and expenses of the proceeding, and the remainder, if any, to the said Thomas S. Taylor, or his legal representative. The Georgia Loan & Trust Co. and R. A. Hendricks have jointly appropriated to their own use said $384, and failed and refused to account to the estate for said amount in accordance with the terms of said power of sale contained in said deed. The plaintiff prays that she may recover of the defendants the sum of $384 principal, with interest at seven per cent. per annum since the 2d day of December, 1913.

The defendants, after filing a demurrer to the petition, which was overruled, filed an answer in which they either denied, or alleged that for the want of sufficient information they could neither admit nor deny, the allegations of the petition.

*William Story, W. R. Smith,* for plaintiff.

*W. D. Buie, Hendricks, Mills & Hendricks,* for defendants.

JENKINS, J. (After stating the foregoing facts.) Aside from the motion to dismiss the bill of exceptions, which is disposed of by the ruling stated in the first headnote, the only question made by the record is whether or not the court below erred in granting a nonsuit, upon the theory that the plaintiff had failed to make out a prima facie case on the cause of action as laid. Under section 4003 of the Civil Code of 1910, if the administrator for any cause declines to place any claim in suit, he may assign the same to a distributee, who may at his own expense prosecute the claim the proceeds if recovered, after paying expenses, to be distributed by the administrator. We think the evidence for plaintiff established, prima facie, her case as laid; and since it sustained each of the material allegations contained in the petition, the jury would have been authorized to find in her favor. The award of a nonsuit was therefore erroneous. Objection was made to the introduction by

plaintiff of the official files of the newspapers containing the advertisement for the sale of the land, upon the ground that only certified copies thereof were admissible; and it is contended that if the judge reached the conclusion that this original testimony was illegal, he was authorized to reverse his previous ruling admitting it, by granting a nonsuit. Since, however, the original newspapers containing the advertisements as contained in the official file were legal and competent evidence for the purpose of showing the contents of the advertisement, we find no merit in this contention. *Bond* v. *Central Bank of Georgia*, 2 *Ga.* 92 (8); *Barrett* v. *Butler*, 54 *Ga.* 581 (2); *Schley* v. *Lyon*, 6 *Ga.* 530 (6).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*