FROST & CRENSHAW, plaintiffs in error, *vs.* JOEL GIBSON *et al.*, defendants in error.

Suit for hire and use, and deterioration in value, of property claimed and in possession of claimant, against claimant and his sureties, is maintainable under section 3326 of the Code; but in order to recover, the plaintiff must show that the law has been complied with strictly at the sale of the property itself, before he can recover damages for its deterioration in claimant's possession, and its use or hire by him; especially must the advertisement be legal, as his recovery can never exceed the amount of his debt, and the property sold, if legally advertised and sold, might have brought enough to pay the whole judgment debt.

Claims.   Actions.   Debtor and creditor.   Before Judge BUCHANAN.   Troup Superior Court.   May Term, 1877.

Plaintiffs brought complaint against defendants, under §3326 of the Code, for hire and deterioration in value of certain property levied on under an execution in favor of plaintiffs, claimed by one of defendants, with the other as his security, found subject and sold.   The amount sued for was $430.00.

Defendants pleaded the general issue, and that the claim bond only provided that they should pay such damages as the jury should find, for the interposition of the claim, if

they believed it for delay only, and should produce the property; that no damages had been found, and the property had been turned over to the sheriff.

On the trial, the plaintiffs introduced the following evidence:

1. The attachment and levy on the property claimed.

2. The declaration in attachment.

3. Judgment thereon.

4. The claim papers, including bonds, verdict, etc.

5. They offered in evidence the *fi. fa.* in attachment, which was objected to and rejected, on the ground that it was against the defendants' goods generally, as well as those attached.

6. Evidence showing the sale of the property and the amount of the deterioration and worth of hire. It appeared in this evidence, that advertisement was not made for four weeks, but four times, to-wit: On July 6, 13, 20 and 27, the sale taking place on August 1st, thus making twenty-six days from the first advertisement to the sale.

The court granted a non-suit, and plaintiffs excepted.

For the other facts, see the opinion.

Thos. H. Whitaker, for plaintiffs in error.

Speer & Speer, for defendants.

Jackson, Judge.

This was a suit brought by the plaintiffs against the defendants, under section 3326 of the Code, which makes the claimant of property, when attached, and his securities, liable to pay to plaintiffs in attachment damages for the hire and use of the property claimed, and its deterioration in value while in claimant's possession after levy of the attachment.

After the evidence was all in, the court granted a non-suit, and the plaintiff excepted. The question, therefore, is this: was the non-suit right?

The grant of the non-suit, under our practice, is simply the sustaining a demurrer to the evidence.

It admits all alleged to be true, and then declares to the plaintiff, admitting your case as you make it, the law grants you no relief or remedy—you have no right or standing in court.

In this case, the plaintiffs proved, or offered to prove, the judgment and *fi. fa.*, the levy and advertisement, the sale of the property after delivery by the claimant, the value of its use and hire, and its deterioration.

The court ruled out some of the evidence offered, particularly the *fi. fa.* and advertisement, and non-suited the plaintiffs. Admitting that all the evidence was in, and none ruled out, we think that the non-suit was right.

This is an action brought on the statute against a surety, and he has the right to stand on strict law. The plaintiffs' own evidence showed that the advertisement was illegal—it not being for twenty-eight days, as the statute, Code, §3647, requires, which declares that it shall be *weekly for four weeks*. It is true that an innocent purchaser would be protected, notwithstanding the irregular advertisement; but this is a different case. It is a proceeding against the claimant and his security for damages. It is like a suit for failure to deliver the property. It is an action really outside of the express terms of the surety's bond, and if there be any case where the doctrine *stricti juris* should apply to surities, it is this.

In suits for recovery on the forthcoming bond, it seems that the regularity of the advertisement is essential. 9 *Ga.*, 42; 55 *Ib.*, 606; 54 *Ib.*, 581, 676. The reason of the rule is fully applicable to this case, for while a purchaser would be protected if innocent, yet people are timid to buy, and might not bid as much as if the advertisement was regular; and as the whole recovery is for the balance of the judgment—as it cannot exceed that in any event—the property ought to be sold so as to bring the last cent it is worth be-

fore a surety shall be held bound beyond the express terms of his bond.

For this reason, we think that in this class of cases the plaintiff might comply strictly with the law, especially the due and legal advertisement of the property, and if he does not see that done, he cannot recover.

Judgment affirmed.