No. 37.—JOHN F. THOMPSON, plaintiff in error, *vs.* WILLIAM F. MAPP and another, defendants.

[1.] In an action on a forthcoming bond, conditioned to deliver property to the Sheriff at the time and place of sale, *when required by him : Held*, that it was unnecessary to prove a *personal* demand of the property, the advertisement being a sufficient notice to the party,

[2.] Under the Act of 1847, to compel discovery at Common Law, the party to whom interrogatories are propounded, must make just such answers as he would be required to do to a bill of discovery.

Thompson *vs.* Mapp and another.

[3.] Parol evidence is admissible to establish the *fact* of the sale of personal property, and the *time* when it was made, notwithstanding the contract was reduced to writing; but the document itself must be referred to if you would ascertain the *terms* of the agreement.

Action on forthcoming bond, in Monroe Superior Court. Tried before Judge FLOYD, December Term, 1848.

This was a suit commenced by John F. Thompson, in the Superior Court of Monroe County, against W. F. Mapp and Josiah G. Jordan, on a forthcoming bond, the condition of which recited, that " whereas, there has been a *fi. fa.* from Bibb Superior Court in favor of John F. Thompson *vs.* Elihu Price and Alexander Russell, levied by Thomas W. Chipman, Deputy Sheriff of Monroe County, on two negroes, one a boy about eight years of age, by the name of Fary, the other a girl, about six years old, by the name of Harriet, as the property of Alexander Russell, and which property has been claimed by said Wm. F. Mapp. Now, if the said William F. should have the property so levied on, at the place and time of sale, when required by the Sheriff for that purpose, in the event the same should be found subject to said execution, then the said bond to be void," &c.

The property was found subject, and the breach alleged is the failure to produce the negroes on the day of sale. The Sheriff advertised the negroes, which were not produced on the day of sale, nor at any other time.

The plaintiff tendered the interrogatories and answers of William F. Mapp, one of the defendants, taken under the Act of the Legislature of 1847, to which objection was made, on the ground that a portion of the answers was in reference to the contents of a bill of sale. Which portion of the answers the Court ruled to be inadmissible, to which decision counsel for plaintiff excepted.

The plaintiff having closed his case, the defendant's counsel moved the Court for a nonsuit, because the evidence submitted did not entitle him to recover. Which motion was sustained by the Court, upon the ground that by the bond the negroes were to be *required of Mapp*, and there was no evidence of any demand or notice to Mapp, other than the advertisement of the negroes for sale.

POWERS & WHITTLE, for plaintiff in error.

DOYAL, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The condition of our forthcoming bond is, that the claimant shall " well and truly deliver the property levied on, at the time and place of sale, provided it should be found subject to the execution." The bond sued on has this additional clause, "*when required by the Sheriff for that purpose.*" These words impose no additional duty on the Sheriff. The advertising of the negroes for sale, according to law, after the levy was dismissed, is the only requisition which the officer makes on the claimant. It would be against public policy to hold, that the Sheriff should hunt up the claimant to make a personal demand of the property, or to notify him to deliver it. It is the duty of the claimant, after the property is found subject, to take notice of the time and place of sale, and to have the property present; and the failure to deliver is a breach of the condition of the bond, and produces the forfeiture.

Besides, this bond is authorized by law. It is taken by the Sheriff for the benefit of the plaintiff. The claimant had no right to exact a condition not authorized by the Statute; and as against the plaintiff in the *fi. fa.* and the obligee in the bond, we should be inclined to declare it void.

The execution was levied the 12th of August, 1842. The bond was executed the 1st day of November thereafter. And Mapp, the claimant, swears that he had sold the negroes to Amos W. Hammond, about a month before that time. Did not this dispense with the necessity of a demand, even if the terms of the bond had required it? *Jones vs. Barkley, Douglas,* 684.

[2.] Interrogatories were taken out in this case for William F. Mapp, the claimant, under the Act of 1847, "to authorize parties to compel discoveries at Common Law." (*See Pamphlet, p.* 197.) The plaintiff in execution sought to procure the proof, from the claimant himself, that he had, pending the claim, *or before* and subsequent to the levy by the Sheriff, sold the negroes in dispute, and delivered them to the purchaser, and thereby relieved the officer from the necessity of making a demand. The answers were filed under a protest, and a portion of them ruled out on the trial.

The Statute under which this proceeding was had, is one among the many monuments of the wisdom of the General Assembly of 1847. · It is worth, of itself, the entire expenditure of that session, ten times told. We are called on, for the first time, to give it a judicial interpretation. It needs none; it speaks for itself. Whatever the adverse party would be bound to answer upon a bill of discovery in a Court of Chancery, he is compelled to testify upon a commission under this Act. A Court of Equity will not force the defendant to make discovery when it would render him liable to a penalty or a forfeiture, or have a tendency thereto, or subject him to a criminal prosecution, or involve him in a breach of professional confidence as counsel, solicitor, attorney or arbitrator, &c. And the same objections, and none other, will apply to discovery when sought at Common Law. And, to prevent' equivocation, it is enacted, that if the party to whom the interrogatories are propounded, shall fail to make answer, " *in manner aforesaid,*" that is, as fully as he would be compelled to do in Chancery, or shall answer evasively, the Court may attach him and compel him to answer in open Court, or it may continue the cause, and require more direct and explicit answers; or if the party sought to be examined, be defendant in the action, the Court may set aside his plea and give judgment against him by default; or if the plaintiff, may order his suit to be dismissed with cost, as shall, in the discretion of the Court, be deemed most just and proper.

The Legislature could have done no more to expedite and cheapen litigation. It only remains for the Courts to co-operate cordially with the law-making power, in the accomplishment of these great objects, by giving to this Act a liberal construction.

[3.] By reference to the interrogatories, it will be seen, that the only facts material to be established by the answers of the claimant were, the sale by him, and the time when it took place; and for these purposes we think the testimony was entirely competent. It is the every day's practice of the Courts, nor does it violate any rule of evidence to show, by parol, that a sale of personal property has been made. If it be in writing, and you wish to ascertain the *terms* of the contract, the document itself must be referred to as the repository and highest evidence of the agreement. *Fiunt enim de his contractibus scripturæ, sit, quod actum est per eas facilius probari poterit.*

So not only the *factum* of the contract may be established by oral proof, but the *time* also of its execution. A bill of sale of personal property, or a deed to land, may bear date prior to the period of their execution. They take effect from their delivery. Parol evidence, therefore, is always admissible to prove when the conveyance was executed and delivered. And for the foregoing purposes, the plaintiff should have been allowed *to read to the* Jury the answers of Mapp, the claimant.

The judgment must consequently be reversed, and the cause remanded.