No. 8.—WILLIAM F. MAPP and another, plaintiffs in error, *vs.* JOHN F. THOMPSON, defendant.

[1.] In an action on a forthcoming bond, given by a claimant, a plea of tender of the property, levied on after the day of sale, is bad. The bond is forfeited by a failure to deliver the property at the time and place of sale, and no subsequent act of the obligors can relieve them from such forfeiture.

[2.] To charge the obligors on a delivery bond, it is necessary that they should be notified of the time and place of sale, and a legal advertisement of such sale is sufficient notice.

[3.] When, by a special Act, the Sheriff is authorized to advertise his sales in a paper published in the County, it is not necessary to advertise the sales for that County, at three of the most public places in the County, to make the advertisement legal.

[4.] Anything done or said by the plaintiff in execution, which will amount to a waiver of the obligation to deliver the property at the time and place of sale, is a good defence to an action on the bond.

Debt on forthcoming bond, in Monroe Superior Court. Tried before Judge STARK, March Term, 1850.

Two slaves were levied upon by the Sheriff of Monroe County, by virtue of a *fi. fa.* in favor of John F. Thompson, the defendant in error, against Elihu Price and Alexander Russell, as

Mapp and another *vs.* Thompson.

the property of the latter, which were claimed by William F. Mapp, who executed a bond for the forthcoming and delivery of the negroes to the Sheriff at the time and place of holding Sheriff's sales in the County of Monroe. The claim was subsequently dismissed, and Mapp neglected to deliver the negroes to the Sheriff, according to the terms and condition of the forthcoming bond. Upon this bond, Thompson, the defendant in error, instituted his action of debt; to which the defendants pleaded a tender of the negroes to the Sheriff, subsequent to the day on which they were advertised, by the Sheriff, to be sold.

On the trial of the cause, counsel for the plaintiff moved the Court to strike the defendants' plea, which motion was sustained by the Court, and counsel for defendant excepted. Counsel for the defendant moved to nonsuit the plaintiff, because the Sheriff had not advertised said sale according to law, having neglected to give notice of the same at three of the most public places in the County, as well as in the "Little Georgian," a public gazette, published in the County of Monroe, and in the Town of Forsyth; which motion was refused by the Court, and counsel for defendant excepted.

And upon these exceptions has assigned error.

PINCKARD and HAMMOND, for plaintiffs in error.

HARMAN, and POWERS & WHITTLE, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] By the Act of 1811, where property is levied upon and claimed, the claimant is entitled to its possession, upon giving bond and security in *treble* the amount of the execution levied, for the delivery of the property at the time of sale, (provided the property levied on should be found subject to the execution,) and in case the claimant should fail to deliver it *at the time and place of sale, agreeably to the terms of the bond,* it is made the duty of the officer taking, to transfer the bond to the plaintiff in execution; and the law declares that it shall then be recovera-

ble in any Court of Law or Equity in this State, having cognizance thereof. By the Act of 1841, these forthcoming bonds are taken in *double* the value of the property levied on, and are made payable to the plaintiff in execution, instead of the levying officer, who is authorized to sue and recover thereon, upon breach of the condition. *Prince,* 438. *Act of* 1841, *pamph. p.* 128.

The action in this case was brought by a plaintiff in execution, upon a bond taken under these Statutes. It is against the principal in the bond and his surety. The execution levied was founded on a joint judgment against Price and Russell, and the property was levied on as the property of Russell. Mapp put in a claim, and gave bond, with Jordan his surety. The bond recites the execution and the levy, and describes the property. The condition is in the following words : "Now, if the said William F. Mapp *shall have the property so levied on at the place and time of sale,* when required by the Sheriff for that purpose, in the event the same should be found subject to said execution, then the said bond to be void, else to remain in full force." The words in the condition of the bond, *when required by the Sheriff for that purpose,* were held by this Court to impose no additional duty on the Sheriff. 6 *Geo. R.* 262. They are not, therefore, to be regarded, in this discussion, as meaning anything; indeed, nothing was claimed, on their account, in the argument. To the action, the defendants pleaded a tender of the negroes levied on to the Sheriff, subsequent to the day on which they were advertised to be sold. The Court, upon motion, ordered the plea to be stricken, as insufficient. Whether this order was according to law, is the first and main question made in the record. If the obligors in the bond could discharge themselves by a tender of the property after the day of sale, the plea is good, and not otherwise. This question depends upon the question, whether or not the bond is forfeited by a failure to deliver the property at the time and place of sale ? If it was forfeited by such failure, the defendants could not relieve themselves from the consequences of the forfeiture by a subsequent tender. This is manifest from a consideration of the rights of the plaintiff in execution, (the obligee in the bond,) and the obligations which de-

volve upon the obligors.    The right of the plaintiff is determin-
ed by the Act of 1841, which declares that he may sue and re-
cover thereon, upon a breach of the condition.    The obligation
of the obligors is, to pay the debt when the conditions are bro-
ken ; that is, when the forfeiture takes place.    These rights ac-
crue at the time of forfeiture ; so also the obligation.    They are
*fixed at that time by law*, and it is clear that no act of the obligors
afterwards can repeal the law and revoke the rights and cancel
the obligation.    It has been held, by highly respectable Courts,
that a forthcoming bond is to be regarded, after forfeiture, as a
substitute for the judgment, and is, in fact, a satisfaction of the
judgment upon which the execution levied issues, and that no
farther proceedings can be had under it ; the plaintiff in exe-
cution being remitted to and concluded by his remedies on the
bond.    Ch. J. *Marshall*, in *The United States vs. Graves et al.*
whilst he held that the bond arrested all farther proceedings on
the judgment, doubted whether it extinguished the original claim.
2 *Brock.* 385, '6.    *Cook vs. Piles*, 2 *Munford*, 153.    *Rusk vs.*
*Ramsey*, 3 *Ibid*, 454.    See, also, *Taylor vs. Dundas*, 1 *Wash.* 92.
2 *Ibid*, 189.    *Jett vs. Walker*, 1 *Rand.* 211.    *McCombs vs. El-*
*lett*, 8 *S. & M.* 505.    *Ibid*, 613.    7 *Ibid*, 791.    *Walker's R.*
175.    *Ibid*, 251.

There are, clearly, cases where the bond, after forfeiture, does
not extinguish the original claim.    For example, a judgment is
rendered against a surety alone, and a levy made, and he gives
the forthcoming bond, which is forfeited ; in such case, it cannot
be that the forfeiture of the bond extinguishes the right of the
creditor to go against the principal in the debt, upon the original
contract.    So decided in *Randolph's Executrix vs. Randolph*, 3
*Rand.* 490.    So, when there is a joint judgment against two,
and a levy and bond by one, the forfeiture of the bond will not
extinguish the judgment against the other judgment debtor.    So
decided in *Robinson vs. Sherman*, 2 *Gratt.* 178.    See, also, *Lake*
*vs. Ferguson*, 2 *Gratt.* 419.    The decided cases here referred to,
are upon forthcoming bonds, made by the defendant in execu-
tion.    I apprehend the principles are the same, in cases of claim
and bond by the claimant, under our Statute.

Without entering farther into these questions, we are prepar-
ed to say, that the effect of the forfeiture of the bond in this
case is, to arrest all farther proceedings on this judgment,
against the defendant in execution, whose property was levied
on, and that the property levied on is forever discharged from
the lien of the judgment.    The Sheriff, too, is discharged from the
liability which the levy devolves upon him, ordinarily, by the giv-
ing of the bond; for the Statute makes it his duty to receive it,
and when given, to deliver the property to the claimant.    These
considerations are adduced to show how vitally the rights of the
plaintiff in execution are affected by the forfeiture of the bond,
and thence to draw the inference that no act of the obligor, after
its forfeiture, can relieve him from the consequences of the for-
feiture.    I return now to the enquiry—what constitutes a breach
of the condition of this bond?    In other words, when is it forfeit-
ed?    We find no difficulty in saying, that if the property is not
delivered at the time and place of sale, when and at which it
is advertised to be sold, the condition is broken, and the bond is
forfeited.    The reasons for this conclusion are—

1st.  The Statute so declares ; for it does declare, that if the
claimant or his surety shall fail to deliver the property at the time
and place of sale, agreeably to the bond, the said bond shall be
recoverable in any Court of Law or Equity in this State, having
cognisance thereof.    The bond, too, is required by the Statute
to be given agreeably to such condition, for it is to be taken for
the *delivery of the property at the time of sale.*    The declaration
of the Act, that upon the condition prescribed, the bond *shall be
recoverable, &c.* is a declaration, that upon that condition it is
forfeited, for the right of recovery is wholly incompatible with
the idea of non-forfeiture.

2d.  Because such is the contract of the parties, and by that
contract they are bound.    The obligors stipulate, that if they shall
not have the property levied on, at the time and place of sale, the
bond shall be in full force and effect, and the obligee stipulates,
that if it is delivered at the time and place of sale, the bond shall
be null and void.    Such is the agreement.    Upon failure to
comply with this obligation, the obligors become liable to the

obligee upon their contract; that is, they then violate their contract; the bond is broken at the time and place of sale, and then and there it is forfeited.    Upon similar bonds in other States, the same decision has been made.    *Poteet vs. Bryson,* 7 *Iredell,* 337.    *Minor vs. Lancashire,* 4 *How. Miss. R.* 347.    *English vs. Fenicy,* 5 *Blackf.* 298.    4 *Dev.* 424.    2 *Ham.* 297.    3 *Rand.* 554.    1 *Wash.* 273, 162.

There is no error, therefore, in ruling out the defendant's plea, and upon that assignment, the judgment of the Court below is affirmed.

[2.] These things being so, it was contended before the Court below, that the defendants are not liable on their bonds, because there was no legal advertisement of the property for sale; that is, that they had no legal notice of the time and place of the sale, and was not, for that reason, guilty of a breach of the bond, in not delivering the property at that time and place.    They moved for a nonsuit on this ground, and the presiding Judge refusing to grant it, they excepted.    The facts are, that the property was advertised for sale in the *Little Georgian,* a paper published in the County, but was not advertised *in three of the most public places in the County.*    The argument is, that the law requires the Sheriff's sales to be advertised in one of the public gazettes of the State, and also at three of the most public places in the County.    This sale was not advertised in three of the most public places in the County; therefore, the defendants had no legal notice, because this advertisement was not according to law. It is conceded that the defendants must be notified of the time and place of sale.    If not, they are not liable.    Express notice in any form would do, as we think, but the plaintiff is not held to prove express notice.    If the property was legally advertised for sale, it is presumed that the defendants had notice.    All, as we think, the plaintiff is bound to prove is, that it was so advertised.

[3.] The question then is, was the advertisement in this case a legal advertisement?    The general law is, as claimed by the plaintiff in error, the Judiciary Act of 1799, requires that notice of Sheriff's sales shall be given in one of the public gazettes

of the State, and shall also be advertised in three of the most public places in the County. *Prince*, 427. The reason ot this last requirement is obvious. It is to insure general notice, in order that the property might be brought fairly into market, and command its full value. Publication at three of the most public places in the County, was, in 1799, believed to be indispensable to give thorough notice of the sale. Then, there were comparatively few gazettes published in the State, and they at remote points from many of the Counties, and had but a limited circulation. The requirement, then, was a reasonable one. The reason of the law, in that regard, has, it must be admitted, to a great extent, ceased. Now newspapers are numerous and, particularly those in which Sheriff's sales are advertised, have a very extensive circulation. Now, almost every citizen either takes or has access to a newspaper. The law which requires sales to be advertised at three of the most public places in the County, has grown into disuse, and there is strength in the argument, that it is obsolete. To hold it necessary, would be to destroy the title to a vast amount of property in this State. We, however, do not decide now that it is obsolete. In this case it is not necessary. The Sheriff's sales in the County of Monroe are advertised, by a special Act, in the paper published at Forsyth, in that County. That special Act does not require that they shall be also advertised at three of the most public places in that County. If the advertisement was in accordance with the requirements of that special Act, it is, in our judgment, a legal advertisement. The special law for Monroe County must be considered as repealing the general law, so far as that County is concerned. There is no pretence but that the advertisement, in this case, was in accordance with that special Act. We therefore hold that it was legal, and that the defendants had notice of the time and place of the sale, and affirm the judgment on this head also.

[4.] If the failure to deliver the property at the time and place of the sale, was on account of anything said or done by the plaintiff, amounting to a waiver of that obligation, it would be a good defence to the action. The defendants had the benefit of this

position before the Jury, for the Court gave it in charge to them.

Other grounds of error are taken in the assignment and bill, upon none of which could we send the case back. And as the points now ruled control this cause, we do not consider that they require a more particular notice.

Judgment affirmed.