2191.   HOGAN *v.* MORRIS.

POWELL, J.   1. Where the defendant in the foreclosure of a mortgage on personal property files an affidavit of illegality, and gives the delivery bond prescribed by § 2766 of the Civil Code, "conditioned for the return of the property when called for by the levying officer," and the illegality has been dismissed or otherwise declared insufficient, it is not necessary that the levying officer shall make personal demand on the obligor in the bond for the return of the property; the breach is occasioned if the officer regularly advertises the property for sale and it is not produced at the time and place of sale.   *Thompson* v. *Mapp,* 6 *Ga.* 260; *Mapp* v. *Thompson,* 9 *Ga.* 42; *Carr* v. *Houston Guano Co.,* 105 *Ga.* 268 (31 S. E. 178).

2. Where the law requires advertisement by posting notices, it is presumed, after the date of the sale, that the posted advertisements have perished or been lost; and, therefore, secondary evidence of the advertisement is admissible, without directly accounting for the loss of the original advertisements.   *Brown* v. *Redwyne,* 16 *Ga.* 67 (4), 76.

3. It appears that notices of the constable's sale were posted on October 30, and that the sale was advertised for November 9.   *Held,* that the sale had been duly advertised for ten days.

4. Non-joinder or failure to serve a codefendant with petition or process in the original suit can not be raised for the first time by motion for new trial or bill of exceptions.

5. The verdict and judgment appear to be regular, and there is no reason for setting them aside.                              *Judgment affirmed.*

Action on bond—appeal; from Fulton superior court—Judge Ellis.   July 2, 1909.

Argued December 8,—Decided December 24, 1909.

*James K. Hines, S. C. Crane,* for plaintiff in error.

*T. O. Hathcock,* contra.