2098.  TAYLOR, constable, for use, etc. *v.* BOYNTON.

1. Certiorari operates as a supersedeas only as to future proceedings in the case directly under review, and neither sanction of the petition nor the issuance of the writ of certiorari has any retrospective effect.
2. Proper advertisement of sale is the only demand it is necessary to show, when a recovery is sought upon a forthcoming bond.
3. After the date of sale has passed, posted advertisements of the sale are presumed to be lost or destroyed, and secondary evidence of the advertisement is admissible.

Certiorari; from Fulton superior court—Judge Pendleton. July 12, 1909.

Submitted December 9,—Decided December 24, 1909.

*G. W. Brooks,* for plaintiff.    *A. H. Bancker,* for defendant.

RUSSELL, J.  Taylor, constable, brought a suit in a justice's court for the use of C. A. Garr, against Boynton, assignee, as principal, and Boynton, security, upon a forthcoming bond; and judgment was rendered in favor of the plaintiff.   The case was taken by certiorari to the superior court, and there the certiorari was sustained, with direction that the suit upon the forthcoming bond be dismissed.

We think the judge of the superior court should have dismissed the certiorari, and thereby have affirmed the judgment rendered in the justice's court.  It appears, from the answer to the certiorari, that the bond requiring the production of the property which had been levied upon was introduced, and the constable testified that the property was not delivered to him upon the day required by the bond.   It further appeared that the sale was advertised by posting written advertisements in the manner required by law.   Upon the part of the defendant it appeared that a certiorari had been sanctioned, which sought to set aside the judgment rendered in the original claim case in which the forthcoming bond sued upon had been given.   The defendant in the justice's court also objected to the testimony by which it was sought to prove the fact of advertisement, contending that the proof of advertisement should be made by introducing one of the original notices which had been posted. There was also evidence that no personal demand for the delivery of the property had been made by the constable, either as to the principal or the security on the bond.   The petition for certiorari raised three points: (1) whether the certiorari (which, as we have

stated above, sought to set aside the judgment rendered in the original claim case, and which was sanctioned not only after execution of the forthcoming bond, but after the date fixed for the delivery of the property), should operate as a supersedeas to the suit filed upon the forthcoming bond; (2) whether personal demand should have been made by the constable for the delivery of the property; (3) whether proof of the advertisement of sale could properly be made by parol.

1. It is clear that the sanction of the certiorari brought to review the judgment in the claim case, on which the writ issued on March 26, 1909, could not operate as a supersedeas to an action brought to recover upon a breach of the bond which occurred, if at all, on March 24, 1909; for the breach, if any, had already occurred before the writ issued; and the rights of the parties upon that subject were fixed. In *Seamans* v. *King,* 79 *Ga.* 611 (5 S. E. 53), Chief Justice Bleckley, delivering the opinion of the court in a similar case, said: "The supersedeas could come into existence only with the sanction of the petition for certiorari, and would operate then only to stay further proceedings; not undoing anything that had been done." Also in *Board of Commissioners* v. *Wimberly,* 55 *Ga.* 570, it was ruled that "the sanction of a petition for certiorari merely operates as a supersedeas of the judgment of the inferior tribunal. The judge who sanctions has no authority, prior to the final hearing, to alter the status of affairs under the judgment complained of." If the certiorari in the present case had been sanctioned prior to the day on which the bondsman was bound to see that the property was produced, it would perhaps have operated as a supersedeas, and so preserved the existing status. Even this, however, is questionable, inasmuch as a forthcoming bond is sui generis, and it would seem that the obligors upon such a bond should produce the property, and at last leave the responsibility, as to whether there should or should not be a sale, upon the officer to whom the bond is payable. The general rule, as deduced from the rulings in the cases just cited, as well as the decision in *Gurr* v. *Gurr,* 95 *Ga.* 559 (22 S. E. 304), is that the sanction of the writ of certiorari operates as a supersedeas, so as to maintain the existing status of the particular case in which it is granted, but it never has a retrospective action.

2. The fact that there was considerable testimony that the constable had made no demand for the delivery of the property presents no obstacle to recovery upon the forthcoming bond, if the sale had been duly advertised. The parol evidence upon the subject of the advertisement being absolutely uncontradicted, no demand was necessary. Advertisement that the property levied on will be sold at the time specified, according to the terms of the forthcoming bond for its delivery, is the only demand necessary to show a breach of such a bond. Upon this subject see *Thompson* v. *Mapp,* 6 *Ga.* 260; *Mapp* v. *Thompson,* 9 *Ga.* 42; *Carr* v. *Houston Guano Co.,* 105 *Ga.* 268 (31 S. E. 178) ; *Hogan* v. *Morris,* ante, 232 (66 S. E. 550). As was said in the *Thompson* case, supra, "in an action on a forthcoming bond, conditioned to deliver property to the sheriff at the time and place of sale, when required by him, *held,* that it was unnecessary to prove a personal demand of the property, the advertisement being a sufficient notice to the party."

3. There was no merit in the objections urged to the oral evidence as to the posting of the requisite advertisement of sale. As ruled in *Hogan* v. *Morris,* supra, following the ruling in *Brown* v. *Redwyne,* 16 *Ga.* 67, where advertisements are to be made by posting notices, it is to be presumed that as soon as the day of sale has passed, the notices have perished; and, therefore, secondary evidence of the contents of such notice may, at any time after the sale, be introduced, with no further foundation than this presumption.

Inasmuch as there was no error in the proceedings in the justice's court, the certiorari should have been dismissed.

*Judgment reversed.*