3279.   GRACE, for use, etc. <em>v.</em> FINLEYSON.

1. In order for a levying officer suing for the use of a plaintiff in fi. fa. upon a forthcoming bond to recover, he must show both breach and damage. There is a breach if at the time and place of sale the property is not delivered, or if it is delivered in a damaged condition. However, the obligor in the bond has the right to deliver the property, though it may have been damaged while in his possession, and if he redelivers it in this condition, and it is worth more than enough to bring the amount due on the fi. fa., while there has been a breach of the bond, there is no damage; hence, no recovery can be had upon the bond.

2. Where machinery or other cumbersome personalty of like nature is levied on, the levying officer need not move it, or cause it to be moved, to the court-house where it is to be cried off and sold, provided that he gives notice accordingly in his advertisement of the sale. Where the obligor in a bond given for the forthcoming of such property does not move it from the place where it is levied on, and the levying officer advertises that it is to be situated there at the time of the sale, and the claimant leaves it there and it so remains until the time of sale, no breach of the bond can be claimed, though the obligor has made no actual tender of it to the levying officer.

DECIDED JANUARY 15, 1912.   REHEARING DENIED FEBRUARY 12, 1912.

Certiorari; from Pulaski superior court—Judge Martin. February 22, 1911.

*H. F. Lawson,* for plaintiff in error.
*T. C. Taylor, H. E. Coates,* contra.

POWELL, J. Grace, as county court bailiff of Pulaski county, levied on an engine, boiler, and other fixtures of a sawmill, under an execution issued from the county court in favor of Mitchell and against the firm of Brown & Smith. Finleyson filed a claim. The claim having been withdrawn, the bailiff advertised the property for sale, the advertisement reciting that the property would be sold

at public outcry, at the court-house, within the legal hours of sale, on the first Tuesday in April, but that the "property being difficult and expensive to transport, it will not be carried to the place of sale, but may be seen and examined at the sawmill of the said J. L. Brown, which is located on the line of the Gulf Line Railway, a quarter of a mile south of Millerville, Ga." The property had never been moved from the place where the levy was made, and was still there, at the place stated in the advertisement, when the time of sale arrived. The bailiff, on the day of the sale, claimed that there had been a breach of the bond by failure to redeliver the property in the condition in which it was when it was levied on, and filed in the city court of Pulaski county a suit upon the bond, for the use of the plaintiff in fi. fa. It appeared at the trial that the plaintiff did not actually tender the property to the bailiff and that the bailiff took no steps to repossess himself of it, but that it was in fact at the place designated in the advertisement at the time of sale, and that, while it had been injured by a fire which occurred while it was in the claimant's possession, it was still worth a great deal more than the amount of the fi. fa. against it, and that it would have brought more than that amount if offered for sale by the bailiff. The jury, under instructions from the judge of the city court, found for the defendant, and the bailiff brought certiorari. The judge of the superior court, on the hearing of the certiorari, sustained it and remanded the case to the city court for another trial, with instructions that in order to constitute a performance of the conditions of the bond for a delivery of the property, actual tender must be made, and that notice of readiness to deliver, or the fact that the property was actually ready for delivery at the time and place of sale, is not a satisfaction of the condition; and, unless defendants can show an actual tender of the property, or that the levying officer waived an actual tender or repossessed himself of the property, that a verdict be directed for the plaintiff. To this judgment the plaintiff (that is, the constable suing for use) has excepted, alleging as error that the judge of the superior court should have rendered final judgment in his favor, and should not have remanded the case for a new trial.

1. To our minds, there is error in the court's judgment, but not against the excepting party. We think that the judgment rendered in the city court was the correct determination of the case. In or-

der to recover on a forthcoming bond, two things must be shown,—breach and damage. Breach is shown wherever it appears that at the time and place of sale the obligor in the bond failed to deliver, according to his contract, all of the property in as good condition as he received it in; and in this case a breach of the bond was shown when it appeared that the property had been damaged while in the claimant's possession. But if, as we shall directly attempt to show, there was a compliance with the bond save only in respect to the condition of the property, the plaintiff can not recover in this case, because there was no damage; since the property, even in its depreciated condition, was worth considerably more than enough to satisfy the plaintiff's demand. All this is provided for in the Civil Code (1910), § 6043. Under that section the obligor in the forth-coming bond may deliver the property, notwithstanding it is not in as good condition as it was in when he received it, and is liable upon his bond for damages for deterioration, provided that in no case can damages be obtained upon the bond beyond what is necessary to satisfy the execution.

2. In our judgment, the judge of the superior court was in error in holding, under the particular facts of this case, that there was a total breach of the bond because the claimant made no actual tender of the property, though the bailiff did not agree to waive tender and did not repossess himself of the property. It must be remembered that the bailiff's seizure of the property was constructive only. He did not take it and carry it away from where it was situated. When the claimant gave bond he did not move it. If he had moved it, all that would have been necessary on his part would have been for him to bring it and put it where the bailiff said for him to put it, according to the advertisement of the sale. The bailiff's advertisement was public notice to him, as well as to the world, that while the actual selling or crying off of the property would take place at the court-house, the property would not be brought there, but was to remain and to be delivered to the purchaser at the mill site where it was situated. When the day and hour of sale arrived, the claimant had the property at the very place at which he ought to have had it. Just what more he could have done we do not see. Counsel for the plaintiff in error say that he should have tendered it to the bailiff at that hour. Does he mean that he should have put this heavy machinery upon vehicles and have brought it to where

the bailiff was and have offered it to him at the court-house? We think not. The bailiff, following the express provisions of the law, had advertised that the property should be situated, at the time of the sale, at the mill site. He could not have moved the property there, for it was already there. Should the claimant then have gone to the court-house and have taken the bailiff and carried him to the property? We think not. The bailiff was needed at the court-house door to cry off the property there. Was it necessary for the claimant to say to the bailiff, "I tender you the property"? We think not; for a tender of property can not be constituted by mere words; and if the property had not been at the place where it should have been, such words would have been wholly ineffectual for any purpose. By advertising the property for sale at the very place where the claimant had it, we think that the bailiff had waived any further act on the defendant's part. If the claimant had been in any wise resisting the bailiff's control or right of control over the property, a different question might be presented; but nothing of that kind appears. A similar proposition to the one here involved was decided in the case of Willis v. Chowning, 18 Tex. Civ. App. 625 (46 S. W. 45), where it was held that if a sheriff made what is known as a range levy, that is, a levy upon animals running on the range, by mere constructive seizure, actual redelivery was not necessary in order to satisfy a forthcoming bond, provided that at the time of sale the animals were upon the range where the constructive levy had been previously made.

As the defendants in the forthcoming bond have filed no exceptions to the granting of a new trial, we shall not reverse the judgment on that ground, but we refuse to reverse it on the exceptions filed by the plaintiff in the bond.

*Judgment affirmed.*