4464. WILLIAMS, constable, for use, etc., *v.* HERRINGTON.

1. The lien of a laborer upon logs hauled by him for another does not exist against a bona fide purchaser without notice of the lien, until it is reduced to execution and levy.
2. Where an execution issued upon such a lien foreclosure is levied upon lumber in the possession of a person other than the one for whom the logs were hauled, the giving by such person of a forthcoming bond to produce the property at the time and place of sale does not estop him, when suit is brought upon the bond, from asserting that at the time the execution was issued and the levy was made he was the owner of the property levied upon.

DECIDED DECEMBER 21, 1912.

Certiorari; from Fulton superior court—Judge Bell. October 21, 1912.

*Maddox & Sims,* for plaintiff.

*Simmons & Simmons,* for defendant.

POTTLE, J. Long foreclosed a laborer's lien against Fulcher for hauling certain logs to the latter's sawmill. The lien execution was levied upon lumber cut from the logs. At the time of the foreclosure and the levy the lumber was in the possession of and owned by Herrington, who, so far as appears, had no notice of Long's claim at the time title to the lumber was acquired. Herrington gave a bond conditioned to produce the lumber at the time and place of sale. Subsequently judgment was rendered in favor of the plaintiff in the lien-foreclosure proceeding. Herrington failed to produce the lumber at the time and place of sale, and suit was brought against him upon the forthcoming bond. At the trial the foregoing facts appeared, and judgment was rendered against Herrington. The judge of the superior court sustained a certiorari and entered final judgment in the defendant's favor. The plaintiff excepted.

1.   The statute gives to persons hauling logs for another a lien upon the logs to the extent of the amount of indebtedness if by contract, and to the value of the services rendered if the price thereof is not agreed upon.   Civil Code (1910), § 3359.   The lien does not arise unless the logs are the property of the employer. If, at the time the logs were hauled, they were the property of Herrington, the plaintiff had no lien.   *Lanier* v. *Bailey,* 120 *Ga.* 878 (48 S. E. 324).   Assuming that the logs belonged to Fulcher, Long had a lien as against him, but a lien would not exist against a bona fide purchaser without notice until the same was reduced to execution and levied.   Civil Code (1910), § 339.   In *Sattes & Wimer Co.* v. *Hales,* 11 *Ga. App.* 569 (75 S. E. 898), the lien was allowed against an owner of logs who did not employ the lienor to haul the logs, upon the theory that the owner knew of the contract to log the mill and acquiesced therein.   In other words, that decision rested solely on the proposition that the owner knowingly accepted the benefit of the lienor's services, and was for this reason equitably in the same position as if he had employed the laborer to perform the services.   That the decision just cited is not controlling here is apparent from the following language of Judge Russell in the opinion:   "If the claimant had purchased the property in ignorance of the existence of the lien, the case would be different; but the lien of the laborer upon the product of his labor can not be defeated by one who has knowledge of the performance of the labor, and who accepts the benefit thereof, otherwise than by proof that the lien was waived or has been discharged by payment." In order to show that the lien existed against Herrington, it was incumbent upon the plaintiff to produce proof that at the time Herrington acquired title to the lumber, he knew of the contract that Fulcher had with Long, and that he had performed services thereunder by hauling the logs to the mill.   There is nothing in the agreed statement of facts to indicate that Herrington had any knowledge that Long had performed these services, and he is therefore in the position of a bona fide purchaser and protected under the express terms of the statute.

2.   It is insisted, however, that Herrington is estopped to deny the existence of the lien and plead his own title, by reason of the fact that he gave a bond to produce the property at the time and place of sale, and that as it is admitted that the property was not

produced, there was a breach of the bond. In other words, it is contended that the plaintiff makes out his case by introducing the bond and proving a breach of its condition. The suit is for damages for a breach by the defendant of his obligation to produce the property at the time and place of sale. Before the plaintiff can recover, he must show two things: first, a breach of the bond; and second, that he has been damaged by the breach, and the amount thereof. Herrington was not a party to the proceeding in which a judgment was obtained against Fulcher setting up Long's lien, and therefore he is not bound by that judgment. He could have interposed a claim and in this way set up his title. But the claim laws are cumulative, and one upon whose property an illegal levy is made is not estopped to set up his title because he fails to file a claim. If in a suit upon a forthcoming bond it appears that the real plaintiff has no title to the property described therein, he has not been damaged by a failure of the defendant to produce it. It is admitted in the agreed statement of facts that Fulcher did not have title to the lumber at the time the execution was issued under the lien-foreclosure proceeding, or at the time of the levy, and as the judgment in favor of Long in the foreclosure proceeding was not binding upon Herrington, the plaintiff was not entitled to recover on the bond. Whether he might have recovered merely nominal damages upon proof of the technical breach of the bond need not be considered, since no such question as that is raised in the record, and the judgment will not be reversed for the purpose of allowing a recovery of nominal damages only. That the defendant is not estopped by giving the bond is settled by the decision of the Supreme Court in *Lackey* v. *Mize, 75 Ga.* 692. See, also, *Barrett* v. *Butler, 54 Ga.* 581.

The judge of the superior court rightly sustained the certiorari and entered final judgment in the defendant's favor.

*Judgment affirmed.*