4731. BROWN GUANO COMPANY, for use, etc., *v.* COKER.

1. Where an execution against two persons was levied on personal property in the possession of one of them, who thereupon filed an affidavit of illegality and gave a forthcoming bond, it was a good defense to an action on the bond that the issue made by the affidavit of illegality was adjudicated in favor of the affiant, and that the property in question was the property of that defendant and not of the other defendant in the execution.

2. The advertisement of sale of the property levied on was a substantial compliance with section 6062 of the Civil Code, providing the manner in which sheriff's sales shall be advertised.

DECIDED OCTOBER 21, 1913.

Action on bond; from city court of Dawson—Judge M. C. Edwards. January 21, 1913.

The Brown Guano Company, for the use of A. J. Hill, foreclosed a crop mortgage against F. C. Coker and Mrs. F. C. Coker. Upon the levy of the fi. fa. the defendant Mrs. Coker filed an affidavit of illegality and gave to the levying officer a forthcoming bond. Suit for a breach of the bond was brought against the principal and the surety. Mrs. Coker answered denying liability, and, by an amendment to her answer, alleged that when the fi. fa. was levied upon the property mentioned in the bond, she filed an affidavit of illegality, alleging that she did not owe the debt, and gave the bond sued on and retained the property, and that the issue upon the affidavit of illegality was found in her favor and a final judgment entered accordingly; that the property levied upon was her individual property, and F. C. Coker had no interest in it; and that, being a party to the execution, she could not file a statutory claim; and she prayed that her title to the property be adjudicated in this suit. A general demurrer to the amendment was overruled.

The plaintiff offered in evidence "the official newspaper file of Terrell county, containing the issues of the Dawson News" in which appeared the following advertisement once a week for four weeks preceding the day of sale named therein: "Sheriff's Sale. Georgia, Terrell County. Will be sold on the first Tuesday in June next, at public outcry, at the court-house in said county, within the legal hours of sale, to the highest bidder for cash, the following described property: 800 bushels of corn, more or less, 500 pounds of fodder, more or less, 120 bushels of cottonseed, more or less, 5,000 pounds of hay, more or less, and 8 bushels of peas. Said property will be sold by sample and delivered where now located on the E. E. Moran estate in the fourth district of Terrell County, Georgia. Said property levied on as the property of F. C. Coker, to satisfy a mortgage fi. fa. issued from the city court of Dawson, said county, in favor of the Brown Guano Company, for use of A. J. Hill. This April 7, 1912. M. G. Hill, Sheriff." This advertisement was objected to by the defendant on the ground that it was an "invalid and insufficient advertisement." The trial judge sustained the objection and excluded the advertisement. The plaintiff proved the value of the property levied upon, that it was turned over by the levying officer to Mrs. Coker upon the giving of the forthcoming

bond, and that the property was not produced on the sale day. No demand for the property was shown. At the conclusion of the evidence the court awarded a nonsuit. Error is assigned as to each of the rulings stated.

*H. A. Wilkinson, M. J. Yeomans,* for plaintiff.

*James G. Parks, W. H. Gurr,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

1. The trial judge did not err in overruling the demurrer to the amendment to the answer. While the general rule is that in suits on forthcoming bonds the title to the property levied upon is not involved, yet it is incumbent upon the plaintiff to prove not only a breach of the bond, but also that the breach has resulted in damage to him. "In order for a levying officer suing for the use of a plaintiff in fi. fa. on a forthcoming bond to recover, he must show both breach and damage." Breach of the bond is shown by proof that the property was not delivered at the time and place of sale. *Grace* v. *Finleyson,* 10 *Ga. App.* 480 (73 S. E. 689). The defendant would have the right to show that the breach of the bond did not result in damage to the plaintiff, for the reason that the property levied upon, and for the forthcoming of which the bond was given, did not belong to the defendant in execution, but did belong to the principal obligor in the bond. In *Williams* v. *Herrington,* 12 *Ga. App.* 76 (76 S. E. 757), it was held, with reference to the foreclosure of the lien of a laborer on logs hauled by him for another, that "Where an execution issued upon such a lien foreclosure is levied upon lumber in the possession of a person other than the one for whom the logs were hauled, the giving by such a person of a forthcoming bond to produce the property at the time and place of sale does not estop him, when suit is brought upon the bond, from asserting that at the time the execution was issued and the levy was made he was the owner of the property levied upon." See, also, *Lackey* v. *Mize,* 75 *Ga.* 692, and *Jones.* v. *Spillers,* 9 *Ga. App.* 473 (71 S. E. 777).

2. The advertisement of the sale of the property levied upon, which was excluded from evidence, was a substantial compliance with the Civil Code (1910), § 6062, which provides the manner in which the sheriff's advertisements shall be made. It does not appear from the record that any specific objection was made to the advertisement; the ground of objection stated is merely that it was

"an invalid and insufficient advertisement." Counsel in the argument before us urged the objection that no defendant is named in the advertisement, whereas the statute provides that the advertisement must make known the plaintiff and the defendant; and that it is further defective because it states that the property "will be sold by sample and delivered where now located on the E. E. Moran estate in the fourth district of Terrell county, Georgia." An inspection of the advertisement will show that the first objection certainly was not good, for it is distinctly stated in the advertisement that the property was levied on "as the property of F. C. Coker, to satisfy a mortgage fi. fa. issued from the city court of Dawson, said county, in favor of the Brown Guano Company, for use of A. J. Hill." The only inference from this statement is that F. C. Coker was defendant in fi. fa. A sufficient description of the property and its location is given in the advertisement, and we do not know of any valid reason why the property could not have been sold by sample and subsequently delivered where located as described in the advertisement. Civil Code (1910), § 6060. We think therefore that the court erred in ruling out the advertisement. With this advertisement in evidence, and with the other evidence offered by the plaintiff, the questions of breach and damages should have been submitted to the jury for determination, and not decided by the court as a matter of law.                *Judgment reversed.*