6841.  COKER *et al. v.* BROWN GUANO CO., for use, etc.

In the trial now under review there was practically only one issue of fact, to wit, whether the failure of the defendant to produce the property, in accordance with the obligation of her forthcoming bond, resulted in damage to the plaintiff in fi. fa.  When the case was heretofore before this court it was held that proof that the property levied upon, and for the forthcoming of which the bond sued upon was given, belonged to the principal obligor in the bond, instead of to the defendant in execution, might show that the breach of the bond did not result in damage to the plaintiff, and therefore would present a good defense. *Brown Guano Co. v. Coker,* 13 *Ga. App.* 614 (79 S. E. 582).  From this ruling it resulted that the relationship existing between the defendant and her husband, so far as it referred to the cultivation and production of the crop levied upon, became also an issue incidental to the determination of the more important issue as to whether the property levied upon was her property or the property of the defendant in fi. fa., the husband.  The issues of fact involved in the solution of these questions were fairly submitted to the jury; the excerpts from the charge of the court, when construed with the context, are not subject to the exceptions urged against them, and the evidence was ample to authorize the verdict in favor of the plaintiff.

DECIDED JUNE 1, 1916.

Complaint; from city court of Dawson—Judge Edwards.  June 24, 1915.

*J. G. Parks, W. H. Gurr,* for plaintiffs in error.

*Yeomans & Wilkinson,* contra.

RUSSELL, C. J.  When this case was here before (*Brown Guano Co. v. Coker,* 13 *Ga. App.* 614), the judgment of the lower court, awarding a nonsuit, was reversed.  In the trial now under review the jury rendered a verdict against the principal in the forthcoming bond, and exceptions are taken to the refusal to grant a new trial.  In addition to the general grounds of the motion for a new trial, complaint is made that the court erred in admitting the sheriff's advertisement, but this exception, not being referred to in the argument, dies from neglect.

Complaint is made that the court charged the jury, in effect, that the title to the property involved was not in issue, and limited the defense to the single contention that the relationship of landlord and tenant existed, precluding any defense if the jury believed that the true relation between the defendant and her husband was that of landlord and superintendent.  We do not think these assignments of error are supported by the record, especially when the instructions of the court are analyzed in the light of the issues.

Complaint is made that the court erred in charging the jury
that if the defendant in fi. fa. was not the tenant of the defendant
obligor, but was operating the farm for her, there would be no
relationship of landlord and tenant, and if he purchased the guano
or other supplies for making the crop without her knowledge, she
would not have a lien as landlord superior to the mortgage on the
crop. It is contended that this charge was in effect an instruc-
tion that unless the relation of landlord and tenant existed be-
tween them, the jury should find in favor of the plaintiff. It is to
be noted, however, that in the course of the trial, in which Mrs.
Coker was attempting to set up the defense that the plaintiff lost
nothing by the breach of the forthcoming bond, because the crop
which had been levied on was her property instead of that of her
husband, there was positive testimony that the crop levied upon
was his property, and not that of his wife; and that the wife her-
self originally directed the sheriff to levy upon the crop as the
property of her husband; and the testimony which tended to show
that the crop (which was made by the defendant in fi. fa.) was
owned by his wife was so vague as hardly to indicate whether he
cultivated the wife's land as her agent or superintendent, or as her
tenant, or whether, as he expressed it, he made the crop merely
in the exercise of his marital rights and in the discharge of his
duty as a husband and father to support his wife and children. A
review of the charge shows that the trial judge sought to adjust
his instructions to the issues as defined by this court in our prior
decision, and also to give the jury pertinent and clear instructions,
applicable to every phase of the evidence which might elucidate
those issues, and we do not think, upon a review of the charge as a
whole, that it was possible for the jury to have been confused by it.
The instruction to which we have just referred was immediately
followed by the statement that "the contention of the defendant is
that she took that crop over in return for supplies furnished by
her to F. C. Coker to operate that farm. If she, as landlord, took
over the property levied on in return for supplies she as landlord
had furnished to F. C. Coker to make the crop, that would give her
a lien on the property as landlord, superior to a mortgage lien on
the crop for guano to make the crop. It is for you to determine
what is the truth of these matters. I give you that additional
charge, thinking perhaps that the court had conveyed the wrong

idea to you in regard to how F. C. Coker worked that farm. But as to how he worked it, and what is the truth of these propositions, is entirely for the jury to determine."

There was no error in the instructions of which complaint is made in the third and fourth grounds of the amendment to the motion for a new trial, when (as suggested by the marginal note of the trial judge) they are considered with what was said by the judge in immediate connection therewith. The excerpt, "in other words the court undertakes to charge you that this is the law: that it is not a question of title to the property, the plaintiff does not have to show title, nor does the defendant have the right to raise simply the question of title," is only a part of a sentence which concludes as follows: "but the plaintiff has to show damages, and the defendant is permitted, under the law, to show that the plaintiff was not damaged, if she can, because the property was not subject to the execution." The excerpt contained in the fourth ground was: "It is not a question of title between these parties, but the main issue is: Has the plaintiff been damaged by the failure of the defendant to produce the property? One side contends that he has, and one that he has not." In using the words "these parties" the court was not referring to the defendant in fi. fa. and his wife (the defendant in the suit then on trial), but was speaking of the real parties in the case; and we held, when the case was here before, that in a suit on a forthcoming bond the title to the property levied upon is generally not involved.

There was no error in the trial which would authorize this court to control the discretion of the trial judge in overruling the motion for a new trial.                    *Judgment affirmed.*