14071. HICKS *v.* WALKER BROTHERS COMPANY *et al.*

STEPHENS, J. 1. A cause of action dependent for its existence upon a judicial determination finding a certain matter as true in fact, and which has accrued by reason of this judicial finding, may nevertheless be destroyed by a reversal of the finding and a subsequent judicial determination finding the contrary.

2. In a suit in behalf of a plaintiff in fi. fa., seeking to recover for an alleged violation of a forthcoming bond given by the defendant as a claimant in a claim case, where the right of the plaintiff thus to recover is dependent upon the property in controversy having been adjudicated to be subject to the fi. fa., a judgment adjudicating the property subject will not authorize a recovery by the plaintiff when that judgment has, before the filing of the suit to recover for the alleged breach of the forthcoming bond, been judicially set aside and a contrary judgment thereafter rendered adjudicating the property not subject to the fi. fa.

This ruling is not in conflict with the decision in *Taylor* v. *Boynton,* 7 *Ga. App.* 233 (66 S. E. 550), holding that the mere pendency of a certiorari by which it is sought to reverse such a judgment does not operate as a supersedeas, and therefore does not defeat the plaintiff's suit.

3. A judgment for the plaintiff having been rendered in the municipal court of Atlanta and the defendant's motion for a new trial having been overruled, the certiorari was not subject to dismissal upon the ground that the motion for a new trial contained no assignment of error committed on the trial, since the petition for certiorari contains valid exceptions to the original judgment and was filed within thirty days from the rendition of that judgment. See *Louisville & Nashville R. Co.* v. *Lovelace,* 24 *Ga. App.* 616 (101 S. E. 718).

4. The judge of the superior court therefore did not err in sustaining the certiorari and in entering a final judgment for the defendants.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JUNE 27, 1923.

Certiorari; from Fulton superior court — Judge Humphries. November 9, 1922.

*R. R. Jackson, John F. Echols,* for plaintiff.

*D. K. Johnston,* for defendants.