16319. DIXON, sheriff, for use, etc., v. CASSELS COMPANY et al.

BELL, J. 1. Where the plaintiff in an action of bail-trover replevied the property and thereafter dismissed the action, without a restitution, and the defendant thereupon brought a separate and independent suit against the former plaintiff for the breach of the bond, laying his damage in an amount equal to the value of the property as recited in the bond and as alleged in the trover suit, it was permissible for the defendant in the second action to show, as a defense, that the plaintiff therein had not been damaged, because the property was worthless. *Lackey* v. *Mize*, 75 *Ga.* 692; *Grace* v. *Finleyson*, 10 *Ga. App.* 480 (1) (73 S. E. 689); *Williams* v. *Herrington*, 12 *Ga. App.* 76 (1) (76 S. E. 757); *Brown Guano Co.* v. *Coker*, 13 *Ga. App.* 614 (1) (79 S. E. 582).

2. Neither the recital in the bond nor the allegation in the trover suit, that the property was of a certain value stated, would estop the party making it from asserting such defense when subsequently sued upon the bond. A party is not concluded in the trial of one action by an admission made in his pleadings in some other action between the same parties, but such admission may be explained or contradicted. *Phœnix Insurance Co.* v. *Gray*, 113 *Ga.* 424 (2, 3) (38 S. E. 992); *Hill* v. *Armour Fertilizer Works*, 21 *Ga. App.* 45 (5) (93 S. E. 511); 22 Corpus Juris, 423. As to what would have been the effect of such admission as to value if the obligee in the bond had moved *in the trover action* for a verdict or judgment for the value of the property when the action was dismissed no ruling is necessary in the present case; but see *Trammell* v. *Georgia Engineering & Construction Co.*, 8 *Ga. App.* 501 (2) (69 S. E. 921), and citations.

3. Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their "own knowledge and ideas." *Baker* v. *Richmond City Mill Works*, 105 *Ga.* 225 (2) (31 S. E. 426); *Sweat* v. *Sweat*, 123 *Ga.* 801 (51 S. E. 716); *Georgia Ry. & Electric Co.* v. *Tompkins*, 138 *Ga.* 596 (8) (75 S. E. 664); *Maynard* v. *American Ry. Express Co.*, 29 *Ga. App.* 329 (2) (115 S. E. 35); *Kraft* v. *Rowland*, 33 *Ga. App.* 806 (5) (128 S. E. 812). The jury were authorized to find in the instant case that the property was worthless when delivered under the replevy bond.

4. The judgment overruling the plaintiff's motion for a new trial in an action ex contractu will not be reversed merely because the jury failed to award nominal damages. *Jeter* v. *Davis*, 33 *Ga. App.* 733 (3) (127 S. E. 898), and cases cited.

5. There is no merit in any of the special grounds of the motion for a new trial.

6. The verdict in favor of one defense being supported, and no error in the trial being, by proper exception, made to appear, it is unnecessary to determine whether a further defense relied on was valid and sustained by the evidence.

7. The court did not err in overruling the motion for a new trial.

  *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 19, 1925.

Complaint on bond; from city court of Savannah—Judge Freeman.  January 31, 1925.

*Ulmer & Bright,* for plaintiff.

*Oliver & Oliver, John Z. Ryan,* for defendants.