23245. CONTINENTAL CASUALTY COMPANY *et al. v.* BIBB
CHEVROLET COMPANY.

SUTTON, J. 1. When an execution shall issue upon the foreclosure of a
conditional bill of sale as a chattel mortgage, and shall be levied upon
the personal property secured by the conditional bill of sale, the defend-
ant in fi. fa. may interpose his affidavit of illegality and replevy the
seized property by giving a bond in the manner prescribed in section
3301 of the Civil Code of 1910, such bond to be conditioned for the re-
turn of the property when called for by the levying officer.

2. In an action for an alleged breach of such a bond the obligors are liable
for the full value of the property replevied, if it does not exceed the
amount of the secured debt, or, in case it does exceed such debt, then
in a sum equal to the latter, unless they show affirmatively that their
failure to return the property when called for by the levying officer was
caused by the act of God, and was in no wise the result of their con-
duct or negligence. *Carr v. Houston Guano Co.,* 105 *Ga.* 268 (31 S. E.
178) ; *Early v. Hampton,* 15 *Ga. App.* 95 (82 S. E. 669).

3. The law does not require a demand to be by a sheriff or a marshal on
either the principal or the surety on a forthcoming bond, or a replevy
bond, in order to establish a breach of the bond. Due advertisement of
the property described in the bond is sufficient notice to the parties,
and proof of the advertisement will suffice to show such breach, if the
property be not produced at the time and place of sale. *Stroud v. Han-
cock,* 116 *Ga.* 332 (42 S. E. 496) ; *Early v. Hampton,* supra; *Taylor v.
Boynton,* 7 *Ga. App.* 233 (66 S. E. 550) ; *Hogan v. Morris,* 7 *Ga. App.*
232 (66 S. E. 550) ; *Rish v. Clements,* 21 *Ga. App.* 287 (94 S. E. 318).

4. Where the affidavit of illegality interposed by the defendant in fi. fa. is
overruled and judgment rendered against the defendant in fi. fa., the
seized property shall be sold and the proceeds of the sale applied to the
mortgage execution. Civil Code (1910), § 3302.

5. A substantial compliance with section 53 of the act of 1925, amending
the act creating the municipal court of Atlanta (Ga. L. 1925, p. 385),
which provides for the advertisement of the sales of personal property
by the marshal of that court, is sufficient. *Brown Guano Co. v. Coker,*
13 *Ga. App.* 614 (79 S. E. 582) ; *Hill v. Kitchens,* 39 *Ga. App.* 789 (148
S. E. 754). The advertisement in this case was a sufficient compliance
with the above section of the act of 1925, in that it stated that the
property would be sold before the court-house door in said county on a
date named, which was ten days after the advertisement was posted,
within the legal hours of sale, correctly described the property to be
sold, and stated that such property was levied on as the property of the
defendant in fi. fa., giving his address, by virtue of a mortgage fi. fa.
issued from said court in favor of the plaintiff in fi. fa. against the de-

fendant in fi. fa. The fact that the advertisement did not state the location of the place where the property was seized would not render the advertisement of no effect and excuse the defendant in fi. fa. or the surety on his bond in failing to produce the property on the day of the sale.

6. The judgment overruling the affidavit of illegality and finding in favor of the plaintiff in fi. fa. the amount of the secured debt with interest, reciting that such sums were to be made out of the sale of the property levied on, was not a money judgment, but a special judgment against the property, and there is no merit in the contention of the surety that the plaintiff in fi. fa. should have proceeded under the money judgment and not on the mortgage fi. fa. issued at the time the chattel mortgage foreclosure affidavit was filed.

7. Applying the rulings above made, the court did not err in overruling the motion for new trial filed by the defendant surety company.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

DECIDED SEPTEMBER 19, 1934.

*M. E. Kilpatrick,* for plaintiff in error.

*Harry S. McCowen,* contra.

STEPHENS, J., dissenting. Section 53 of the act of 1925 amending the act creating the municipal court of Atlanta provides that advertisements of the sale of personal property by the marshal of that court (Fulton section) shall designate "the location of the place where the property was seized." The advertisement in this case failed to do this. There was no attempt at compliance with this provision of the act. *Brown Guano Co.* v. *Coker,* 13 *Ga. App.* 614 (79 S. E. 582), is distinguishable, since in that case there was an attempt at compliance with one of the provisions of the general statute with reference to the contents of advertisements of property which had been levied upon. There it was held that the attempt at compliance was a substantial compliance with a provision of the act. The provision in the act with reference to stating in the advertisement the location of the place of the seizure of the property can not be ignored and treated as a nullity. The legislature placed this provision in the act for some purpose, and it should be given effect. Since the advertisement does not comply, either substantially or otherwise, with the provisions of the act, it is not a legal advertisement of the property and therefore constitutes no basis for a recovery upon the forthcoming bond. *Hogan* v. *Morris,* 7 *Ga. App.* 232 (66 S. E. 550) ; *Taylor* v. *Boynton,* 7 *Ga. App.* 233 (66 S. E. 550), and cases there cited. The evidence is conclusive that the defendant had no notice other than the fact of advertisement. I do not concur in the judgment of affirmance.