26533.   PATTERSON *v.* LOEB.

DECIDED JANUARY 14, 1938.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff in error.

*Ben T. Blackmon, John W. Bolton,* contra.

SUTTON, J.   Mrs. Walter Hicks borrowed $200 from Mrs. Max Loeb, and executed a bill of sale to certain personal property to secure the loan.   On May 28, 1936, the bill of sale was foreclosed, and two days later a levy was made on the property therein described, for which a forthcoming or replevy bond in the sum of $220 was given by Mrs. Hicks as principal and A. O. Patterson as surety. (There is a recital in the bill of exceptions that such bond was given in an illegality filed by Mrs. Hicks.)   A judgment was entered on the foreclosure proceeding in favor of the plaintiff, and the property was advertised for sale, but was not forthcoming at the time and place of the sale. The present suit was then instituted against A. O. Patterson, surety on the bond.   The case was tried before a judge of the municipal court of Atlanta, who found in favor of the plaintiff, and the appellate division of the municipal court affirmed that judgment.   The defendant excepted.

1. "When an execution shall issue upon the foreclosure of a conditional bill of sale as a chattel mortgage, and shall be levied upon the personal property secured by the conditional bill of sale, the defendant in fi. fa. may interpose his affidavit of illegality and replevy the seized property by giving a bond in the manner prescribed in section 3301 of the Civil Code of 1910, such bond to be conditioned for the return of the property when called for by the levying officer." *Continental Casualty Co.* v. *Bibb Chevrolet Co.,* 49 *Ga. App.* 523 (176 S. E. 418).

2. "The law does not require a demand to be [made] by a sheriff or a marshal on either the principal or the surety on a forthcoming bond, or a replevy bond, in order to establish a breach of the bond. Due advertisement of the property described in the bond is sufficient notice to the parties, and proof of the advertisement will suffice to show such breach, if the property be not produced at the time and

place of sale" (citations). *Continental Casually Co.* v. *Bibb Chevrolet Co.*, supra.

3. All sales of personal property levied on under process from the municipal court of Atlanta, Fulton section, shall be advertised for ten days before the sale by notice posted at the court-house door, describing the property to be sold, etc. (Ga. L. 1925, p. 385, sec. 53.) "Where the law requires advertisement by posting notices, it is presumed, after the date of the sale, that the posted advertisements have perished or been lost; and therefore secondary evidence of the advertisement is admissible, without directly accounting for the loss of the original advertisements. *Brown* v. *Redwyne,* 16 *Ga.* 67 (4), 76." *Hogan* v. *Morris, 7 Ga. App.* 232 (2) (66 S. E. 550). The evidence of the two deputy marshals, T. J. Grogan and T. A. Poole, was sufficient to authorize the admission in evidence of the copy or duplicate advertisement, showing that the personal property levied on under the foreclosure proceeding in favor of Mrs. Max Loeb against Mrs. Walter Hicks was duly advertised for sale, and the evidence of the deputy marshal showed that the property was not forthcoming at the time and place of the sale.

4. The contention of the plaintiff in error that the forthcoming or replevy bond was never accepted by any officer of the court is without merit, as the bond itself (which was introduced in evidence) and the oral evidence show that the bond was duly approved by J. M. George, marshal of the municipal court of Atlanta.

5. The plaintiff alleged in her petition that she had a judgment against Mrs. Walter Hicks for $200 principal, and costs, in case No. 108,448 in the municipal court, that being the foreclosure proceeding, and attached to her petition a copy of the judgment, and testified that Mrs. Hicks gave her the bill of sale in consideration of a loan, and that she brought the foreclosure proceeding thereon, case No. 108,448; that she loaned her $200, and that Mrs. Hicks had not paid her anything, "and that Mrs. Hicks was down there at the court-house when the judgment was taken against her." This was a sufficient showing, as to the disposition of the illegality to the foreclosure proceeding and the amount of the debt due the plaintiff by the defendant, to authorize a finding in favor of the plaintiff on this feature of the present case in the suit on the forthcoming bond.

6. "In an action for an alleged breach of such a bond the obligors are liable for the full value of the property replevied, if it does not exceed the amount of the secured debt, or, in case it does exceed such debt, then in a sum equal to the latter, unless they show affirmatively that their failure to return the property when called for by the levying officer was caused by the act of God, and was in no wise the result of their conduct or negligence" (citing). *Continental Casualty Co.* v. *Bibb Chevrolet Co.,* supra.

7. The evidence authorized the finding of $200 and costs in favor of the plaintiff in the present suit on the forthcoming bond. The court did not err in overruling the defendant's motion for new trial, and the appellate division of the municipal court did not err in affirming that judgment.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*